110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John CLUTCHETTE, Plaintiff-Appellant,
v.
George SMITH; Jack Hutchins, Appeals Coordinator; Debord,
Appeals Examiner; Jack Reagan, Chief of Appeals;
R, Program Admin., Defendants-Appellees.
 No. 95-17041.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1997.*
Decided March 18, 1997.
 
 Before: HUG, Chief Judge, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Clutchette, a California prisoner serving an indeterminate sentence for a 1980 murder, brought this civil action under 42 U.S.C. § 1983 challenging the California Department of Corrections' (the "Department") decision to designate him a "public interest case." The district court adopted the magistrate judge's findings and recommendations in full and granted the Department's motion for summary judgment, which is a decision we review de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). The question we must answer is whether Clutchette has a liberty interest in avoiding the "public interest case" designation. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Clutchette has a liberty interest in not being designated a public interest case if the designation imposes an atypical and significant hardship on him in relation to the ordinary incidents of prison life. Sandin v. Conner, 132 L.Ed.2d 418, 430 (1995). In determining whether the designation imposes an atypical and significant hardship, we consider the length of the designation and whether the designation will "inevitably affect the duration of [Clutchette's] sentence." Id. at 431. Applying these factors to Clutchette's situation, we conclude that the public interest case label does not impose an atypical and significant hardship.
 
 
 4
 The record contains substantial admissible evidence that indicates the public interest case designation has not adversely affected the conditions of Clutchette's incarceration. First, Clutchette received a score of 22 on his 1992 CDC Classification Score Sheet, which qualifies him for placement in a Level II institution. Cal.Dep't of Cor. Operations Man §§ 62010.6, 62010.6.2 (1989). A Level II institution is the second least restrictive facility in the California prison system. Id. Clutchette's score, moreover, is lower than his prior score, thus suggesting that the public interest case designation has not affected his housing status. Second, Clutchette obtained a transfer into the vocational dry cleaning program after he was designated a public interest case. This transfer indicates that Clutchette's work assignment has not suffered because of the designation. Finally, nothing in the record indicates that Clutchette's custody status was altered because of his public interest designation.
 
 
 5
 In light of this evidence, no rational jury could conclude that the public interest designation has imposed an atypical and significant hardship on Clutchette. See Sandin, 132 L.Ed.2d at 431 (no atypical and significant hardship where inmate confined in cell for a significant portion of the day). The district court thus properly granted the Department's motion for summary judgment.
 
 
 6
 Clutchette also seeks the removal of allegedly false information from his prison file. He asserts that his prison record contains false information regarding his participation in an attempted takeover of a prison facility. He points to a 128-G form dated June 18, 1992, which provides, "Clutchette was also involved in the [San Quentin] Adjustment Center takeover of 8/21/71. This occurred on a previous term. He was subsequently acquitted." These statements, according to Clutchette, are false.
 
 
 7
 We agree that Clutchette's file contains false information. He produced uncontroverted declarations which provide that he was neither involved in nor prosecuted in connection with the San Quentin Adjustment Center takeover attempt. But the presence of false information in his file does not mean that Clutchette is entitled to the relief he seeks. Rather, to prevail on his expunction claim, Clutchette also must demonstrate that the Department relied on the false information to a constitutionally significant degree. See Paine v. Baker, 595 F.2d 197, 201-02 (4th Cir.), cert. denied, 444 U.S. 925 (1979).
 
 
 8
 The element of reliance to a constitutionally significant degree has two dimensions, the first is the nature of the decision made or likely to be made on the basis of the false information, and the second is the nature of the false information. Id. at 202. Clutchette asserts that the Department is likely to use this information in making parole decisions. Parole decisions are of sufficient import to justify an order directing the Department to remove false information likely to be relied upon in the parole decision making process. See id. The nature of the Department's decision thus weighs in favor of granting the requested relief. The second dimension of the reliance test--the nature of the false information--also weighs in favor of ordering expunction because the false information concerns Clutchette's disciplinary record. Id.
 
 
 9
 We cannot, however, grant Clutchette's request for relief at this juncture. In Sandin, the Court discussed whether placing Conner in disciplinary segregation infringed Conner's interests. Sandin, 132 L.Ed.2d at 431-432. The Court stated that Conner's situation "did not present a case where the State's action would inevitably affect the duration of his sentence." Id. at 431. The Court indicated that although misconduct was a factor to be considered in making a parole decision, "[t]he chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." Id. at 432. Thus, although Paine indicated that an inmate might obtain relief where the State is likely to rely on the false information in making a parole decision, Paine, 595 F.2d at 202, after Sandin an inmate must show that the false information will inevitably lengthen the duration of the inmate's incarceration. See Sandin, 132 L.Ed.2d at 432.
 
 
 10
 Clutchette has failed to point to any evidence from which a reasonable jury could conclude that the Department's action inevitably will affect the duration of his sentence. The false information may be considered by the Department, but California's regulations do not require that parole be denied in the face of such a charge. Moreover, at Clutchette's most recent parole hearing the false information was not mentioned and the Department did not cite it as a reason for denying parole.[1] Thus, the district court did not err in granting the Department's motion for summary judgment.
 
 
 11
 In sum, we conclude that Clutchette does not have a liberty interest in avoiding the public interest designation. We further conclude that, at this time, we cannot compel the Department to remove the false information from Clutchette's file. The district court's grant of summary judgment therefore is
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do note, however, that this false information suggests that Clutchette was involved in a serious breach of institutional security and implicates him in the death of inmates and correctional officers. Because of the seriousness of this implication, the Department voluntarily should expunge the false information from Clutchette's file. Removing the false information from Clutchette's file might avoid litigation each time Clutchette is considered for parole in the future. See Sandin, 132 L.Ed.2d at 432 ("Again, we note that Hawaii expunged Conner's record with respect to the 'high misconduct' charge, so he personally has no chance of receiving a delayed release from the parole board as a direct result of that allegation.")